UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD EUGENE JAMES,

Plaintiff,

v.

UNKNOWN FBI AGENTS, et al.,

Defendants.

No. 2:25-cv-00880-DAD-EFB (PC)

ORDER

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff has also filed motions to proceed in forma pauperis (ECF Nos. 2. 9, 28) and a motion for screening (ECF No. 23). For the reasons that follow, plaintiff's motions to proceed in forma pauperis and motion to screen will be granted, and the complaint will be dismissed with leave to amend.

Motion to Proceed In Forma Pauperis

Plaintiff's applications make the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

////

////

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

This standard is echoed in 28 U.S.C. § 1915(e)(2), which requires that courts dismiss a case in which a plaintiff proceeds in forma pauperis at any time if it determines, among other things, that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." "[The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing the predecessor to modern § 1915(e)(2), former § 1915(d)). Thus, § 1915(e)(2) allows judges to dismiss a claim based on factual allegations that are clearly baseless, such as facts describing "fantastic or delusional scenarios." *Id.* at 327-38.

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Discussion

A complaint that is frivolous, malicious, or fails to state a claim cannot survive screening under § 1915A(b) and must be dismissed. A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding that "§ 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.").

Plaintiff alleges fifteen claims for relief against at least 23 defendants in a complaint that spans 51 pages with over 300 pages of exhibits. He claims that he has been the victim of a "multi-agency racketeering and criminal conspiracy" between the FBI, various Sacramento area law enforcement agencies, and the Butler County Sheriff's Department in El Dorado, Kansas. ECF No. 1. Plaintiff alleges that, while he was housed at the Butler County Jail, unknown FBI agents and/or a jail maintenance supervisor blew "an unknown chemical gas agent through the vents in plaintiff's cell" and poisoned his food. A nurse at the jail threw away a sample of plaintiff's bloody urine (which presumably was related to the poisoning).

Plaintiff claims that his transfer from Butler County authorities to Sacramento County authorities was unlawful, but he provides no facts from which a factfinder could so conclude. Plaintiff does not allege the basis of his detention in Kansas or the basis of the transfer of his custody to Sacramento authorities.

Plaintiff claims that an unknown nurse at Sutter Hospital, Sacramento put HIV into his intravenous fluids, infecting him with the virus.

Plaintiff claims that he informed former U.S. Attorney General Merrick Garland and an assistant U.S. Attorney of the claimed conspiracy against him, but they did not act to protect him.

Plaintiff also alleges claims that appear unrelated to his claims concerning the alleged conspiracy between Sacramento, federal, and Kansas authorities. Plaintiff alleges that Kansas authorities should have released him on his own recognizance but did not do so, but he does not provide sufficient facts from which such a claim could be substantiated. He alleges that staff at the Kansas jail withheld packages sent to plaintiff by his wife. He challenges a ruling by this court in habeas petition *James v. Sheriff of Sacramento County*, 2:23-cv-02116-DAD-CSK. Lastly, plaintiff appears to possibly be challenging circumstances of his arrest(s) and criminal cases.

Plaintiff's allegations of a conspiracy to poison him by authorities across two states and the federal government are delusional, overly vague, and, as currently drafted, frivolous. In addition, this court is not the proper venue to rule on plaintiff's claims that Kansas authorities somehow unlawfully failed to release plaintiff on his own recognizance and unlawfully withheld packages from his wife; the release claim also too vague to be cognizable. 28 U.S.C. § 1391(b). Plaintiff's claim challenging a court ruling in plaintiff's 2023 habeas petition cannot be collaterally attacked in this civil rights action. *Cook v. Hood*, No. 2:17-cv-1300-RMG-MGB, 2018 U.S. Dist. LEXIS 82452, at *16-17 (S.D. S.C. Apr. 6, 2018). And finally, plaintiff may not challenge any conviction in a civil rights action without first obtaining a determination that the conviction has been invalidated via, for example, the granting of a petition for writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff has failed to state a cognizable claim. In an abundance of caution, plaintiff will be given an opportunity to amend his complaint to cure the deficiencies.

////

////

////

Leave to Amend

Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of statements which have no bearing on his legal claims and, to the extent possible, simply provide the facts of the incidents of which he complains (i.e., when the incident happened, who was involved, and how the incident unfolded).

////

Conclusion

Accordingly, IT IS ORDERED that:

1. Plaintiff's applications to proceed in forma pauperis (ECF Nos. 2, 9, 28) are GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the custodial agency filed concurrently herewith;
3. Plaintiff's motion for screening (ECF No. 23) is GRANTED;
4. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days from the date of service of this order; and
5. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED: August 12, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE